NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1264

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 528808

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner appeals a hearing examiner's order, affirmed by a judge of the Superior Court, classifying the petitioner as a level three, high-risk offender and ordering Internet publication and dissemination of his sex offender registry information.  The petitioner asserts that the examiner erred by applying increased weight to factor 2 and by failing to apply mitigating factors 33 and 34, and that the examiner's conclusion that active dissemination of the petitioner's registration information would serve a substantial public safety interest was not supported by substantial evidence.  We affirm.

Background.  Doe pleaded guilty to sexually assaulting a prepubescent ten year old girl several times in one month,

including engaging in digital and penile vaginal rape, attempting penile anal rape, groping her breast area under her shirt, and showing her pornography on his phone. The girl's family was friendly with the petitioner, who came to their home to help with minor tasks, and the petitioner was a former boyfriend of the victim's aunt.

In addition to this offense, the examiner also considered evidence of two other sexual assaults that occurred many years earlier. When the petitioner was thirteen years old, he was investigated after a five year old girl reported that he had "put his [penis] on her back," which the examiner assessed as an indecent assault and battery rather than a "penetrative act." The examiner noted that the petitioner "was investigated for sexual misconduct" and, based on the limited available information, declined to find that there had been any such misconduct.

The examiner also described the petitioner's rape, at age fourteen, of a sixteen year old girl who was babysitting in the petitioner's mother's home. After forcibly undoing the girl's pants, the petitioner pushed her onto her elbows on the floor, pulled her pants down, and anally raped her. The petitioner was also alleged to have grabbed this victim's breasts and touched her inappropriately before the rape, and to have been observed openly masturbating in her presence. The petitioner was charged

2

with rape. The charge was later reduced to assault and battery and the matter was continued without a finding for approximately eighteen months, then dismissed. The examiner found by clear and convincing evidence that the petitioner raped and sexually assaulted this victim.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). "The decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015), quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, supra at 88.

3

In affirming the petitioner's level three classification, the examiner relied on high-risk factors 2 (repetitive and compulsive behavior, applied with increased weight), 3 (adult offender with child victim, applied with increased weight), and 4 (offender's age at first sex offense, applied).

The petitioner does not dispute that factor 2 applies but contends that the hearing examiner abused his discretion in assigning increased weight to this factor. The petitioner points to the two decades during which he was in the community between offending with the sixteen year old victim (when he was fourteen years old) and offending with the ten year old victim (at age thirty-five) and asserts that this offense-free time demonstrated that he could "control his sexual desires"; he also asserts that special consideration of this offense-free time was warranted because the board does not include this consideration in its promulgated factors. We are not persuaded.

Doe's ability to pursue his factor 2 argument runs aground, as counsel appropriately acknowledged at oral argument, on the absence of either a facial challenge to the regulation or record support. Factor 2 may be applied with the highest weight when an offender "engages in sexual misconduct after having been charged with or convicted of a sex offense." Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 742 (2019) (Doe No. 22188), quoting 803 Code Mass.

4

Regs. § 1.33(2) (2016).  Increased weight is appropriate when an offender is "investigated by an authority for sexual misconduct and, nonetheless, commit[s] a subsequent act of sexual misconduct."  Doe No. 22188, supra, quoting 803 Code Mass. Regs. § 1.33(2).  The petitioner's history included three temporally distinct, violent sex crimes, and he was investigated or charged after each.  In addition, after having admitted to sufficient facts in connection with the rape of the sixteen year old, the petitioner engaged in the multiple rapes and indecent assaults on the ten year old, evidencing repetitive conduct and undermining this argument.  Cf. Doe No. 22188, supra at 742-743.

The petitioner also attacks the hearing examiner's failure to apply factors 33 (home situation and support systems) and 34 (stability in the community).  Doe asserts that the record contains evidence that (1) he was employed at the time of his probation-ordered assessment for sex offender treatment (October 27, 2022) and (2) his mother is his support system, helps with his bills, and tells Doe that she loves him.  Doe failed to raise this argument before this appeal, however, which means the argument is waived.  See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).

The meat of the petitioner's appeal, as ably articulated at oral argument, was that the hearing examiner failed to give due consideration to the practical ameliorative effect of the terms

of the petitioner's probation when considering the "efficacy" of Internet publication and dissemination of the petitioner's personal and sex offender information. See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 654 (2019) (Doe No. 496501). "Whether a public safety interest will be 'served' by Internet publication depends not only on the probability of reoffense and the danger posed by that potential reoffense but also on the efficacy of online publication in protecting the public from being victimized by the offender." Id. at 654. In considering this argument, we are mindful that the purpose of the law establishing the sex offender registration system was "'to protect . . . the vulnerable members of our communities from sexual offenders,' and particularly from 'sexually violent offenders who commit predatory acts characterized by repetitive and compulsive behavior.'" Id. at 645, quoting St. 1999, c. 74, emergency preamble & § 1.

We remain unpersuaded. The task of the hearing examiner when considering whether to order Internet publication and dissemination is to determine "whether and to what degree public access to the offender's personal and sex offender information . . . is in the interest of public safety." Doe No. 496501, 482 Mass. at 654, quoting 803 Code Mass. Regs. § 1.20(2) (2016). This "must be determined based on the facts of each individual

6

case." Doe No. 496501, supra at 655.  In so doing, an examiner must consider "what type of sexual crime the offender would likely commit if he or she were to reoffend.  Pragmatically, because past is prologue, a hearing examiner would make this determination based on the sexual crime or crimes that the offender committed in the past."  Id. at 651.

Turning to the petitioner's argument, the hearing examiner applied risk-mitigating factor 28 because the petitioner will remain under probation supervision until late October 2027.  While the examiner did not describe the probation terms (including GPS monitoring and exclusion zones) in his findings, that information was presented to him and discussed at the hearing.  The examiner's explanation was adequate to assure us that the examiner considered this factor, as he was bound to do. See Doe No. 496501, 482 Mass. at 645-646.

The examiner acted within his discretion in determining that the mitigating effect of the remaining probationary period did not outweigh the petitioner's history of sexual assault on "very young, pre-pubescent, children and/or sexually mature girls" -- a "broad victim pool" -- in assaults involving "a high level of physical contact."  In reasoning that publication and dissemination were warranted, the examiner further noted that the victims knew the petitioner, which is "empirically related to an increased risk of re-offense."  This known-victim dynamic

7

must also be part of the calculus when considering the efficacy of the GPS exclusion zones, which included schools, playgrounds, and places where stranger children may be found but not, for example, the home of a friend, the environment in which the petitioner assaulted his youngest and most recent victim.

In determining the need for dissemination and publication the examiner also noted the petitioner "has demonstrated that being investigated for sexual assault is not a deterrent to him further sexually victimizing additional people," and that "the likelihood of being discovered [was] not a deterrent" as the petitioner had committed one assault when another child was "very close by."  The examiner wrote that, should the petitioner offend again, it would likely be against particularly vulnerable victims ("young, pre-pubescent children, or sexually mature girls").

Based on this analysis, the hearing examiner found that women and parents with young children who were known to the petitioner should have access to his sex offender registry information for their protection and the protection of their children.  "We cannot say that a contrary conclusion was required by the evidence."  Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 146 (2019).

Judgment affirmed.

By the Court (Desmond, Hershfang & Brennan, JJ.[1]),

Paul Little

Clerk

Entered:  May 1, 2026.

---

[1] The panelists are listed in order of seniority.